## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | |
|---|---|
| BILLY GREER, § | |
|     Plaintiff, § | |
| § | |
| v. § | Civil Action No. 3:13-CV-2915-L (BF) |
| § | |
| BANK OF AMERICA, N.A., et al., § | |
|     Defendants. § | |

### FINDINGS, CONCLUSIONS AND RECOMMENDATION
### OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to Title 28, United States Code, Section 636(b), and a Standing Order of Reference from the District Court [D.E. 6], this case has been referred to the United States Magistrate Judge for pretrial management. Before the Court is Defendants Bank of America, N.A. ("Bank of America"), Mortgage Electronic Registration Systems, Inc. ("MERS"), Deutsche Bank National Trust Company, solely in its capacity as Trustee for First Franklin Mortgage Loan Trust 2006-FF9 and Mortgage Pass-Through Certificates, Series 2006-FF9 ("Deutsche Bank"), and ReconTrust Company, N.A.'s ("ReconTrust") (collectively, "Defendants") Motion to Dismiss ("Motion to Dismiss") [D.E. 7]. Plaintiff Billy Greer ("Plaintiff") failed to file a response, and the time to do so has expired. For the following reasons, the undersigned recommends that the Court GRANT IN PART and DENY IN PART Defendants' Motion to Dismiss [D.E. 7].

### BACKGROUND

This *pro se* action arises out of a mortgage loan Plaintiff obtained from First Franklin, a Division of National City Bank of Indiana ("First Franklin") on March 29, 2006 in the amount of $740,000 for a residence located at 1220 Regents Park Court, Desoto, Texas 75115. *See* Deed of Trust [D.E. 7-1 at 8-10]. In connection with this loan, Plaintiff signed a promissory note and a deed

of trust pledging the residence as security for payment on the note. *See* Original Pet. [D.E. 1-1 at 8]; Deed of Trust [D.E. 7-1 at 20]. According to the Plaintiff, foreclosure proceedings were initiated against him after he encountered financial difficulties and defaulted on his mortgage note. *See* Original Pet. [D.E. 1-1 at 10, 15]. On June 26, 2013, Plaintiff filed his Original Petition in the 160th Judicial District Court in Dallas County, Texas alleging the following claims: (1) fraud/fraudulent misrepresentation; (2) violations of the Truth in Lending Act ("TILA"); (3) violations of the Fair Credit Reporting Act ("FCRA"); (4) breach of fiduciary duty; (5) unjust enrichment; (6) civil conspiracy; (7) usury; (8) wrongful foreclosure; and (9) quiet title. *See* Original Pet. [D.E. 1-1 at 7-16]. On July 26, 2013, Defendants removed this action to this Court. *See* Notice of Removal [D.E. 1]. On August 2, 2013, Defendants filed the instant Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) ("Rule 12(b)(6)") [D.E. 7].

## **STANDARD OF REVIEW**

Federal Rule of Civil Procedure 8(a)(2) ("Rule 8(a)(2)") provides that "[a] pleading that states a claim for relief must contain a short and plain statement of the claim showing that the pleader is entitled to relief." According to the United States Supreme Court, Rule 8(a)(2) requires a pleading to have "facial plausibility." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A court must be able to draw the reasonable inference from the pleading that the defendant is liable for the misconduct alleged. *Ashcroft*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). Although the complaint does not need to have detailed factual allegations, a plaintiff's obligation to provide the "grounds" of his or her "entitlement to relief" requires more than labels and conclusions. *Twombly*, 550 U.S. at 555. Rule 8 "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft*,

556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555). A defendant may seek a dismissal under Rule 12(b)(6) if a pleading fails to establish facial plausibility. *See* FED. R. CIV. P. 12(b)(6); *Ashcroft*, 556 U.S. at 678.

A court may not dismiss a complaint under Rule 12(b)(6) unless the complaint, when viewed in a light most favorable to the plaintiff, fails to state a valid claim for relief. *See Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000) (citing 5 CHARLES A. WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1357, at 601 (1969); *Lowrey v. Texas A&M Univ. Sys.*, 117 F.3d 242, 247 (5th Cir. 1997)). In considering a Rule 12(b)(6) motion to dismiss, a court takes as true all the facts pleaded in the complaint, even if they are doubtful in fact. *See Collins*, 224 F.3d at 498 (citing *Campbell v. Wells Fargo Bank*, 781 F.2d 440, 442 (5th Cir. 1986)); *Twombly*, 550 U.S. at 555-56. A court, at this juncture, does not evaluate a plaintiff's likelihood of success, but only determines whether a plaintiff has stated a legally cognizable claim. *See United States ex rel. Riley v. St. Luke's Episcopal Hosp.*, 355 F.3d 370, 376 (5th Cir. 2004). Further, in resolving a Rule 12(b)(6) controversy, a court may examine: (1) the complaint and documents attached to the complaint; (2) documents attached to the motion to dismiss to which the plaintiff refers and are central to the plaintiff's claims; and (3) matters of public record. *See Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999); *Collins*, 224 F.3d at 498; *Herrera v. Wells Fargo Bank, N.A.*, No. H-13-68, 2013 WL 961511, at *2 (S.D. Tex. Mar. 12, 2013) (citing *Lone Star Fund V (U.S.), L.P. v. Barclays Bank P.L.C.*, 594 F.3d 383, 387 (5th Cir. 2010)).

Because Plaintiff is proceeding *pro se*, the Court must construe the allegations in the complaint liberally. *Hughes v. Rowe*, 449 U.S. 5, 9 (1980) (per curiam); *Sec. & Exch. Comm'n v. AMX, Int'l, Inc.*, 7 F.3d 71, 75 (5th Cir. 1993) (per curiam). "[ P ]ro se litigant[s] [are] subject to less

3

stringent standards than [those] represented by counsel." *AMX, Int'l, Inc.*, 7 F.3d at 75 (citing *Hughes*, 449 U.S. at 9). However, while a court is to liberally construe the pleadings of *pro se* litigants, *pro se* parties are not exempt from complying with court rules of procedural and substantive law. *Birl v. Estelle*, 660 F.2d 592, 593 (5th Cir. 1981) (citing *Faretta v. California*, 422 U.S. 806, 834 n.46 (1975)).

## ANALYSIS

### 1. Fraudulent Misrepresentation/Fraud

Under Texas law, the elements of a cause of action for fraud are: (1) a material representation; (2) that representation was false; (3) when the material, false representation was made, the speaker knew it was false or made it recklessly without regard for its truth; (4) the representation was made with the intent that the other party act upon it; (5) the other party acted in reliance upon that representation; and (6) the other party suffered injury. *See Aquaplex, Inc. v. Rancho La Valencia, Inc.*, 297 S.W.3d 768, 774 (Tex. 2009). Further, claims alleging fraud must be stated with particularity as required in Federal Rule of Civil Procedure 9 ("Rule 9"). *See Lone Star Fund*, 594 F.3d at 387 n.3. "What constitutes particularity will necessarily differ with the facts of each case . . . . [but] [a]t a minimum, Rule 9(b) requires allegations of the particulars of time, place, and contents of the false representations, as well as the identity of the person making the misrepresentation and what he obtained thereby. . . . Put simply, Rule 9(b) requires the who, what, when, where, and how to be laid out." *Benchmark Elecs., Inc. v. J.M. Huber Corp.*, 343 F.3d 719, 724 (5th Cir. 2003) (internal quotation marks and citation omitted).

Defendants argue that Plaintiff's fraud claims fail because: (1) fraud claims must meet the heightened pleading standard under Rule 9 and Plaintiff fails to plead with the particularity required

4

under Rule 9; (2) Plaintiff's fraud claims are barred by the Economic-Loss Doctrine; and (3) Plaintiff's fraud claims are barred by the Statute of limitations. *See* Mot. to Dismiss [D.E. 7 at 16-18]. Plaintiff contends that Defendants, "with full knowledge" that "their affirmative representations were false . . . disguised the mortgage transaction to create the appearance of the lender[] being a properly chartered and registered financial institution, authorized to do business and to enter into the subject transaction, when in fact the real party in interest was not disclosed to Plaintiff, and neither were the various fees, rebates, refunds, kickbacks, profits and gains of the various parties who participated in this unlawful MBS scheme." Original Pet. [D.E. 1-1 at 7, 13]. Plaintiff further contends that Defendants "failed to disclose at the time of the Notice of Default and Sale, the true beneficiary of the note and deed of trust so that Plaintiff could negotiate with the true beneficiary to save his property," and "[h]ad Plaintiff known of the falsity of Defendants' representations, Plaintiff would not have entered into the transaction that is the subject of this action." *Id.* [D.E. 1-1 at 7-8]. Plaintiff asserts that he did not become aware of Defendants' fraud until March of 2012 and could not have learned of Defendants' conduct at the time the loan was obtained because it was not disclosed to him nor was it apparent from the face of the loan documents. *Id.* [D.E. 1-1 at 8].

### a. Heightened Pleading Standard

In liberally construing Plaintiff's *pro se* complaint, and construing the facts in a light most favorable to Plaintiff, the undersigned finds that Plaintiff sufficiently pled a cause of action for fraud. Plaintiff alleges that Defendants made material misrepresentations regarding their authority to enter into the mortgage transaction and in reliance on Defendants' misrepresentations, Plaintiff entered into the mortgage loan, which Plaintiff would not have otherwise entered into. *Id.* [D.E. 1-1 at 7-8]. Therefore, Plaintiff satisfies the "who, what, when, where and how" requirements of Rule 9(b).

Plaintiff individually sets out the Defendants against whom this cause of action is directed toward, satisfying the "who"; Plaintiff contends that Defendants disguised the mortgage transaction at the time he entered into the mortgage loan, satisfying the "what," "when" and "where"; and Plaintiff satisfies the "how" by alleging that Defendants misrepresented their authority to enter into the mortgage transaction and failed to disclose the various fees, rebates, refunds, kickbacks, profits and gains involved. *See id.* [D.E. 1-1 at 7-8]. Plaintiff contends that had he known of Defendants' misrepresentations, he would not have entered into the mortgage loan and been subject to the subsequent foreclosure and litigation. *See id.* [D.E. 1-1 at 7-8]. Therefore, the undersigned finds that Plaintiff has alleged facts sufficient to state a fraud claim.

### b. Economic Loss Rule

Defendants contend that even if Plaintiff properly pleaded his fraud claims, they are barred by the economic loss rule because the sole basis for liability, if any, against Defendants is contractual in nature. *See* Mot. to Dismiss [D.E. 7 at 17]. "Under Texas law, the acts of the parties to a contract 'may breach duties in tort or contract alone or simultaneously in both. The nature of the injury most often determines which duty or duties are breached. When the injury is only the economic loss to the subject of a contract itself, the action sounds in contract alone.' This is generally known as the economic loss rule." *Choe v. Bank of Am., N.A.*, No. 3:13-CV-120-D, 2013 WL 6159308, at *6 (N.D. Tex. Nov. 25, 2013) (quoting *Jim Walter Homes, Inc. v. Reed*, 711 S.W.2d 617, 618 (Tex.1986); citing *Sharyland Water Supply Corp. v. City of Alton*, 354 S.W.3d 407, 415 (Tex. 2011)). However, the Supreme Court of Texas has held that, "despite this general rule, economic losses can still be recovered for certain tort causes of action, including fraud." *Choe*, 2013 WL 6159308, at *6 (citing *Sharyland*, 354 S.W.3d at 418-19).

6

In *Choe*, the plaintiffs alleged that Bank of America made misrepresentations of material fact during the loan modification application process that led the plaintiffs to mistakenly believe they satisfied their responsibility so they did not make payments and this resulted in foreclosure. *See id.* The Court found the economic loss rule to be inapplicable because this injury was one stemming from acts of fraud, not breach of the note or deed of trust. *See id.* Similarly, Plaintiff here alleges that material misrepresentations by Defendants led him to enter into a mortgage loan which resulted in foreclosure proceedings. *See* Original Pet. [D.E. 1-1 at 7-8]. Therefore, this injury is one stemming from the alleged acts of fraud, and the economic loss rule does not bar Plaintiff's claim.

### c. Statute of Limitation

Defendants also contend that Plaintiff's fraud claims are barred by the four-years statute of limitations. Mot. to Dismiss [D.E. 7 at 17]. "Fraud claims accrue on the discovery of the fraud or at such time as the fraud might reasonably have been discovered through the exercise of reasonable diligence. *Cook-Bell v. Mortg. Elec. Registration Sys., Inc.*, 868 F. Supp. 2d 585, 589 (N.D. Tex. 2012) (citing *Carroll v. Jaques*, 927 F. Supp. 216, 223 (E.D. Tex. 1996); *McMeens v. Pease*, 878 S.W.2d 185, 188 (Tex. App.-Corpus Christi 1994, writ denied); TEX. CIV. PRAC. & REM. CODE § 16.004(a)(4)).

> The discovery rule, however, operates as an exception to the statute of limitations . . . . The rule works to suspend the accrual of a cause of action until a plaintiff knows, or in the exercise of reasonable diligence should have known, of the facts giving rise to the claim. . . . Knowledge of facts which would have excited inquiry into the mind of a reasonably prudent person, which, if pursued by him with reasonable diligence, would lead to the discovery of the fraud, is equivalent to knowledge of the fraud as a matter of law.

*Cook-Bell*, 868 F. Supp. 2d at 589 (citing *Jackson v. West Telemarketing Corp. Outbound*, 245 F.3d 518, 524 (5th Cir. 2001); *Boundy v. Dolenz*, No. 3:96-CV-3010-G, 2002 WL 31415998, at *6 (N.D.

Tex. Oct. 21, 2002); *TIG Ins. Co. v. Aon Re, Inc.*, 521 F.3d 351, 358 (5th Cir. 2008); *McMeens*, 878 S.W.2d at 188).

Plaintiff argues that the statute of limitations should not preclude his fraud claim because he did not discover the fraud until March of 2012. *See* Original Pet. [D.E. 1-1 at 7]. In liberally construing Plaintiff's *pro se* complaint and construing the facts in a light most favorable to Plaintiff, it appears that Plaintiff is alleging that various deceptive acts during the foreclosure proceedings led to the discovery of Defendant's fraudulent conduct whereas at the time of signing of the loan documents, Plaintiff, as an unsophisticated party, relied on the representations of Defendants. *See id.* [D.E. 1-1 at 7-8]. Defendants inform the Court that Deutsche Bank purchased the property at a foreclosure sale on January 1, 2013, therefore, Plaintiff's alleged discovery date of March 2012 falls in the time period where foreclosure proceedings would have been pending. *See* Mot. to Dismiss [D.E. 7 at 12]. Therefore, taking as true Plaintiff's claim that he did not discover the fraud until March of 2012, the statute of limitations does not preclude Plaintiff's fraud claims. *See Mid States Dev., L.L.C. v. Fidelity Nat'l Title Ins. Co., Inc.*, No. 3:99-CV-1966-M, 2001 WL 1172215, at *8 (N.D. Tex. Sept. 28, 2001) (finding plaintiffs' suit to be filed within the applicable limitations period for fraud where defendants argued that plaintiffs' suit needed to be filed within four years of the letters at issue being written because plaintiffs demonstrated that they did not discover the fraud until three years after the letters were written when Plaintiffs' underwriter informed Plaintiffs that they could not verify ability to fund loans and the lawsuit was filed two years after that discovery).

### 2. Violations of Truth in Lending Act

Defendants contend that Plaintiff's TILA claim is barred by the one year statute of limitations because Plaintiff's loan closed on March 29, 2006 and Plaintiff's lawsuit was filed on June 26, 2013.

*See* Mot. to Dismiss [D.E. 7 at 18-19]. Title 15, United States Code, Section 1640(e) provides that: "Any action under this section may be brought in any United States district court or in any court of competent jurisdiction, within one year from the date of the occurrence of the violation." Defendants argue that even if the Court tolls the statute of limitations until Plaintiff's alleged discovery date of March 2012, Plaintiff's claim is still time barred. Given that Plaintiff's lawsuit was filed on June 26, 2013, Plaintiff's TILA claim is precluded by the statute of limitations even if the Court applies the March 2012 date when Plaintiff alleges he learned of Defendants' alleged violations. *See* 15 U.S.C. § 1640(e). Therefore, Plaintiff's TILA claim fails.

### 3. Violations of Fair Credit Reporting Act

Defendants argue that Plaintiff failed to properly plead a FCRA claim and that Plaintiff's FCRA claim is barred by Judicial Estoppel. *See* Mot. to Dismiss [D.E. 7 at 20-22]. Plaintiff alleges that Defendants "incorrectly report[ed] that Plaintiff was in default to one or more credit reporting agencies, resulting in Plaintiff having negative information on his credit reports and the lowering of his FICO scores." *See* Original Pet. [D.E. 1-1 at 9]. However, Plaintiff concedes in the very next paragraph that he defaulted on his loan. *See id.* [D.E. 1-1 at 10] ("Notwithstanding the above, Plaintiff has paid each and every payment on time from the time of the closing of the loan and until Plaintiff's default."). Therefore Plaintiff failed to state a FCRA claim.

### 4. Breach of Fiduciary Duty

Defendants argue that Plaintiff failed to state a breach of fiduciary duty claim because Texas courts hold that absent a special relationship, the relationship between a borrower and a lender is not a fiduciary one and do not recognize a fiduciary relationship between a mortgage servicer and the borrower whose loans it services. *See* Mot. to Dismiss [D.E. 7 at 22]. The elements of a cause of

9

action for breach of fiduciary duty under Texas law are: (1) the plaintiff and the defendant had a fiduciary relationship; (2) the defendant breached its fiduciary duty to the plaintiff; and (3) the breach must result in injury to the plaintiff or a benefit to the defendant. *Jones v. Blume*, 196 S.W.3d 440, 447 (Tex. App.-Dallas 2006, pet. denied). "Texas courts have held that the relationship between a borrower and lender is not a fiduciary one." *Williams v. Countrywide Home Loans, Inc.*, 504 F. Supp. 2d 176, 192 (S.D. Tex. 2007) (citing *1001 McKinney Ltd. v. Credit Suisse First Boston Mortg. Capital*, 192 S.W.3d 20, 36 (Tex. App.-Houston [14th Dist.] 2005, pet. denied); *Mfrs. Hanover Trust Co. v. Kingston Inv. Corp.*, 819 S.W.2d 607, 610 (Tex. App.-Houston. [1st Dist.] 1991, no writ)). The facts alleged in Plaintiff's complaint do not establish a relationship between Plaintiff and Defendants as anything other than that of a lender and a borrower. Because Plaintiff has not alleged facts to demonstrate that there is a fiduciary relationship between Plaintiff and Defendants, Plaintiff's fiduciary relationship claim fails.

### 5. Unjust Enrichment

Under Texas law, "'[a] party may recover under the unjust enrichment theory when one person has obtained a benefit from another by fraud, duress, or the taking of an undue advantage.'" *Southwestern Bell Tel. Co. v. Marketing On Hold, Inc.*, 308 S.W.3d 909, 921 (Tex. 2010) (quoting *Heldenfels Bros., Inc. v. Corpus Christi*, 832 S.W.2d 39, 41 (Tex. 1992)). While a "party generally cannot recover under quantum meruit when there is a valid contract," a party to a contract can "seek alternative relief under both contract and quasi-contract theories." *In re Kellogg Brown & Root, Inc.*, 166 S.W.3d 732, 740 (Tex. 2005); *see also Leal v. Bank of New York Mellon*, No. C-12-265, 2012 WL 5465978, at *15 (S.D. Tex. Oct. 22, 2012) (citing *Southwestern*, 308 S.W.3d at 921). Defendants argue that Plaintiff's unjust enrichment claim fails because (1) Plaintiff concedes that

10

a valid contract exists and under Texas law, a party generally cannot recover for unjust enrichment when there is a valid contract; (2) a claim that a mortgage lender and/or servicer demanded money that was not owed under a note is not sufficient to support a claim for unjust enrichment; and (3) Plaintiff does not identify facts to show that Defendants obtained a benefit from him by fraud, duress or undue advantage. *See* Mot. to Dismiss [D.E. 7 at 23].

Here, Plaintiff claims that Defendants derived unjust enrichment in the form of "higher interest rate, fees, rebates, kickbacks, profits and payments of insurance . . . gains and other fees unrelated to the settlement services provided at closing." *See* Original Pet. [D.E. 1-1 at 11-12]. Plaintiff also contends that he learned of Defendants' failure to disclose and fraud in March of 2012. *See id.* [D.E. 1-1 at 12]. The undersigned construes Plaintiff's allegations regarding fraud and failure to disclose to be made in connection with the alleged benefits of higher interest rate, fees, rebates, kickbacks, profits and payments of insurance and finds that Plaintiff has sufficiently stated an unjust enrichment claim. Further, because Plaintiff can seek alternative relief under contract and quasi-contract theories, Plaintiff can allege an unjust enrichment claim even if he concedes that there is a valid contract. *See Leal*, 2012 WL 5465978, at *15 (citing *Southwestern*, 308 S.W.3d at 921).

### 6. Civil Conspiracy

In order to state a conspiracy claim under Texas law, Plaintiff must allege: (1) an agreement between two or more persons; (2) to inflict wrong against, or injury on, another; (3) a meeting of the minds on the object or course of accomplishing such action; (4) one or more unlawful, overt acts; and (5) damages as a proximate result. *See Wackman v. Rubsamen*, 602 F.3d 391, 408 (5th Cir. 2010) (citing *Chon Tri v. J.T.T.*, 162 S.W.3d 552, 556 (Tex. 2005)). Defendants argue that Plaintiff fails to state a claim for civil conspiracy because: (1) Defendants' actions in foreclosing on Plaintiff's

11

property were lawful; and (2) the claim is barred by the statute of limitations. *See* Mot. to Dismiss [D.E. 7 at 24-25].

Plaintiff alleges that "[i]n connection with the application for and the consummation of the mortgage loan, the subject of this action, Defendants agreed, between and among themselves, to engage in actions in a course of conduct designed to further an illegal act or accomplish a legal act by an unlawful means, and to commit one or more overt acts in furtherance of the conspiracy to defraud the Plaintiff, including but not limited to, the commencement of foreclosure." *See* Original Pet. [D.E. 1-1 at 12]. The only overt act Plaintiff alleges is the commencement of foreclosure proceedings. *See id.* [D.E. 1-1 at 12-13]. However, Plaintiff concedes in his complaint that he defaulted on his loan. *See id.* [D.E. 1-1 at 10] ("Notwithstanding the above, Plaintiff has paid each and every payment on time from the time of the closing of the loan and until Plaintiff's default."). Therefore, Plaintiff failed to allege an unlawful overt act by the Defendants and his civil conspiracy claim fails.

### 7. Usury

In order to state a usury claim under Texas law, Plaintiff must allege facts adequate to state the following: (1) a loan of money; (2) an absolute obligation to repay the principal; and (3) the exaction of a greater compensation than allowed by law for the use of the money by the borrower. *See First Bank v. Tony's Tortilla Factory, Inc.*, 877 S.W.2d 285, 287 (Tex. 1994). Defendants argue that Plaintiff does not allege facts demonstrating a loan of money from the Defendants or an absolute obligation to repay the principal. *See* Mot. to Dismiss [D.E. 7 at 27]. Defendants further contend that it is disingenuous for Plaintiff to argue that he has no mortgage agreement with Defendants and at the same time argue that Defendants charged him usurious interest rates for entering into those same

agreements. *See id.* [D.E. 7 at 27]. Moreover, Defendants argue that other than conclusory allegations, Plaintiff does not assert facts to allege that Defendants exacted more interest than what is lawful for his loan or to allege that the fees were related to the original loan rather than fees supported by additional consideration. *See id.* [D.E. 7 at 27].

Plaintiff states the following in reference to his usury claim, "[t]he transaction of all the loan of money was pursuant to a written agreement, and as such, subject to the rate limitation set forth under state and federal law. The 'formula break' a reference to end these laws was exceeded by a factor in excess of 10 contrary to the applicable law." *See id.* [D.E. 1-1 at 14]. Therefore, Plaintiff appears to be alleging that Defendants, pursuant to their written loan agreement, loaned him money at an interest rate which exceeded 10 times the rate allowable by law. *See id.* [D.E. 1-1 at 14]. Thus, in liberally construing Plaintiff's complaint and construing the facts in a light most favorable to Plaintiff, the undersigned finds that Plaintiff has adequately stated a usury claim.

### 8. <u>Wrongful Foreclosure</u>

Under Texas law, the elements of a wrongful foreclosure claim are: (1) a defect in the foreclosure sale proceedings; (2) a grossly inadequate selling price; and (3) a causal connection between the defect and the grossly inadequate selling price. *Miller v. BAC Home Loan Servicing, L.P.*, 726 F.3d 717, 726 (5th Cir. 2013) (citing *Sauceda v. GMAC Mortg. Corp.*, 268 S.W.3d 135, 139 (Tex. App.-Corpus Christi 2008, no pet.)). "A claim for 'wrongful foreclosure' is not available based merely on showing a defect in the foreclosure process; it is also necessary that there be an inadequate selling price resulting from the defect." *Biggers v. BAC Home Loans Servicing, L.P.*, 767 F. Supp. 2d 725, 729 (N.D. Tex. 2011).

Defendants argue that Plaintiff's wrongful foreclosure claim fails because: (1) the only

alleged defect in the foreclosure sale proceedings was that the Defendants were not beneficiaries of the mortgage at the time of the scheduled sale; (2) Plaintiff does not allege that the property sold for a grossly inadequate sales price; and (3) Plaintiff does not allege that the defect resulted in an inadequate sales price. *See* Mot. to Dismiss [D.E. 7 at 28]. Plaintiff's allegations do not mention an inadequate sales price nor allege that an inadequate sales price resulted from a defect in the foreclosure process. *See* Original Pet. [D.E. 1-1 at 14-15]. Therefore, Plaintiff's wrongful foreclosure claim fails.

### 9. Quiet Title

Under Texas law, the elements of a cause of action to quiet title are: (1) an interest in a specific property; (2) title to the property is affected by a claim by the defendant; and (3) the claim, although facially valid, is invalid or unenforceable. *Cruz v. CitiMortgage, Inc.*, No. 3:11-CV-2871-L, 2012 WL 1836095, at *4 (N.D. Tex. May 21, 2012)(citing *Sadler v. Duvall*, 815 S.W.2d 285, 293 n.2 (Tex. App.-Texarkana 1991, writ denied)). "Texas courts have made clear that 'a necessary prerequisite to the . . . recovery of title . . . is tender of whatever amount is owed on the note.'" *Cook-Bell*, 868 F. Supp. 2d at 591 (quoting *Fillion v. David Silvers Co.*, 709 S.W.2d 240, 246 (Tex. App.-Houston [14th Dist.] 1986, writ ref'd n.r.e.)). Moreover, Plaintiff "has the burden of establishing [his] "superior equity and right to relief," relying on the strength of [his] own title, not the inferiority of [Defendants'] title. *Cook-Bell*, 868 F. Supp. 2d at 591 (quoting *Hahn v. Love*, 321 S.W.3d 517, 531 (Tex. App.-Houston [1st Dist.] 2009, pet. denied)).

Defendants argue that Plaintiff's claim to title fails because: 1) Defendants demonstrated that any claim to the property is valid and enforceable under the terms of the Deed of Trust; (2) Plaintiff fails to allege facts that establish his superior title to the property and instead merely relies on

Defendants' alleged lack of right, title or interest in the property; and (3) Plaintiff admittedly has not tendered the amount due and owing under the note. *See* Mot. to Dismiss [D.E. 7 at 29]. Plaintiff "seeks a declaration and judgment that the title to the Subject Property is vested in Plaintiff alone and that the Defendants herein, and each of him, be declared to have no estate, right, title or interest in the subject property" because "Defendants' claims are without any right whatsover, and said Defendants have no legal or equitable rights, claim, or interest in the Subject Property." *See* Original Pet. [D.E. 1-1 at 16]. While the Court is to liberally construe Plaintiff's complaint, the undersigned is not able to construe Plaintiff's conclusory allegations to state a claim for quiet title. Further, as Defendants point out, Plaintiff concedes in his complaint that he defaulted on his mortgage. *See id.* [D.E. 1-1 at 10, 15]. Thus, Plaintiff has failed to state a claim for quiet title upon which relief can be granted. *See Cruz*, 2012 WL 1836095, at *4 (dismissing quiet title claim where plaintiff failed to allege facts that, if true, would establish superior title).

## RECOMMENDATION

For the foregoing reasons, the undersigned respectfully recommends that the Court **GRANT in part and DENY in part** Defendant's Motion to Dismiss [D.E. 7], and dismiss Plaintiff's TILA, FCRA, fiduciary duty, civil conspiracy, wrongful foreclosure, and quiet title claims against Defendants Bank of America, MERS, Deutsche Bank and ReconTrust with prejudice pursuant to Rule 12(b)(6).[1]

---

[1] Ordinarily, the Court would allow Plaintiff to amend his complaint in an attempt to cure the pleading defect identified by Defendants. *See Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 329 (5th Cir. 2002) (court should allow plaintiff at least one opportunity to cure pleading deficiencies before dismissing a case, "unless it is clear that the defects are incurable or the plaintiffs advise the court that they are unwilling or unable to amend in a manner that will avoid dismissal"). However, Plaintiff never sought leave to amend his initial pleading, even after Defendants pointed out the deficiencies in their Motion to Dismiss. Nor did Plaintiff respond to Defendants' Motion to Dismiss. The undersigned therefore determines that Plaintiff is unwilling or unable to amend his complaint in a manner that will avoid dismissal of these claims and that dismissal with prejudice on these claims is appropriate. *See Rodriguez*

**SO RECOMMENDED**, this 20th day of February, 2014.

_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND
### NOTICE OF RIGHT TO APPEAL/OBJECT

The United States District Clerk shall serve a true copy of these findings, conclusions, and recommendation on the parties. Pursuant to Title 28, United States Code, Section 636(b)(1), any party who desires to object to these findings, conclusions, and recommendation must serve and file written objections within fourteen days after service of the findings, conclusions, and recommendation. A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory, or general objections. A party's failure to file such written objections to these proposed findings, conclusions, and recommendation shall bar that party from a *de novo* determination by the District Court. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985). Additionally, any failure to file written objections to the proposed findings, conclusions, and recommendation within fourteen days after service shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).

---

*v. United States*, 66 F.3d 95, 97 (5th Cir. 1995) (affirming dismissal with prejudice after lengthy pendency of case which provided plaintiff ample opportunity to amend complaint); *see also Cruz v. CitiMortgage, Inc.*, No. 3:11-CV-2871-L, 2012 WL 1836095, at *7 (N.D. Tex. May 21, 2012) (concluding plaintiffs had pled their best case where they did not file response to motion to dismiss or request to amend their pleadings).