IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **BILLY GREER,** | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. **3:13-CV-2915-L** |
| | § | |
| **BANK OF AMERICA, N.A.,** *et al.*, | § | |
| | § | |
| Defendants. | § | |

## ORDER

Before the court is Defendants' Motion to Dismiss (Doc. 7), filed August 2, 2013. This mortgage foreclosure case was referred to Magistrate Judge Paul D. Stickney, who entered the Findings, Conclusions and Recommendation of the United States Magistrate Judge ("Report") on February 20, 2014, recommending that Defendants' Motion to Dismiss be granted in part and denied in part. Specifically, the magistrate judge recommended that Defendants' Motion to Dismiss, with respect to Defendants' statute of limitations defense and Plaintiff's usury and unjust enrichment claims, be denied. The magistrate judge further recommended that Defendants' Motion to Dismiss with respect Plaintiff's claims, based on truth in lending, fair credit reporting, breach of fiduciary duty, civil conspiracy, wrongful foreclosure, and quiet title, be granted, and that these claims be dismissed with prejudice. No objections were filed to the Report.

Having reviewed the pleadings, file, record in this case, and Report, the court determines that all of the findings and conclusions of the magistrate judge are correct, except for those that pertain to Plaintiff's wrongful foreclosure claim. The law set forth in the Report with respect to Plaintiff's wrongful foreclosure is a correct statement of Texas law; however, the Report does not address the

specific basis for Plaintiff's claim, which is not a wrongful foreclosure claim in the traditional sense. The court therefore **rejects** the Report with respect to Plaintiff's wrongful foreclosure claim for the reasons that follow. The findings and conclusions of the magistrate judge are otherwise **accepted.**

I.     **Wrongful Foreclosure Claim**

Plaintiff's wrongful foreclosure claim is based on Plaintiff's contention that Defendants were not the beneficiaries of the mortgage at the time that the property was sold at a foreclosure sale, and that they therefore lacked authority under section 51.002 of the Texas Property Code to foreclose on the property. Plaintiff further asserts that Defendants lacked authority to foreclose on the property at issue because the note and deed of trust were securitized and split. In addition, Plaintiff contends that Defendants failed and refused to provide him with repayment options after his default, failed to take into consideration the circumstances surrounding his default, and instead transferred the deed of trust without his knowledge.

In support of their Motion to Dismiss, Defendants submitted copies of the deed of trust and a July 17, 2007 assignment of the deed of trust from Mortgage Electronic Registration Systems ("MERS") to Deutsche Bank, who, according to Defendants, purchased the property at the foreclosure sale conducted on January 1, 2013. Defendants contend that Plaintiff's split-the-note theory fails because the deed of trust is secured by the note, and the note therefore automatically transferred to Bank of America along with the deed of trust. In addition, Defendants contend that Plaintiff lacks standing to challenge the assignment and securitization of the loan.

A.     **Standing**

Even assuming that Plaintiff has standing to challenge the transfer of the deed of trust or securitization of his mortgage, any alleged defects that resulted from the assignment and

securitization would have rendered the assignment merely voidable, not void. *See Reinagel v. Deutsche Bank Nat'l Trust Co.*, 735 F.3d 220, 225 (5th Cir. 2013) ("Though 'the law is settled' in Texas that an obligor cannot defend against an assignee's efforts to enforce the obligation on a ground that merely renders the assignment voidable at the election of the assignor, Texas courts follow the majority rule that the obligor may defend "on any ground which renders the assignment void."). As a result, any such defect in the assignment would not have affected Defendants' rights to foreclose on the property after Plaintiff defaulted, that is, assuming that Defendants had authority to foreclose on the property. As discussed below, however, the court is unable to ascertain from the face of the pleadings whether Defendants had the requisite authority to foreclose on the property.

**B.    Split-the-Note Theory**

Regarding Plaintiff's split-the-note theory, the Fifth Circuit in *Martins v. BAC Home Loans Servicing, L.P.*, considered this theory and found it "inapplicable under Texas law where the foreclosing party is a mortgage servicer and the mortgage has been properly assigned. The party to foreclose need not possess the note itself." 722 F.3d 249, 255 (5th Cir. 2013). In support of their motion, Defendants maintain: that "[t]he Deed of Trust names MERS as a beneficiary for Countrywide and its successors and assigns"; that "[p]ursuant to the terms of the Note, Plaintiff was required to make monthly principal and interest payments on the Loan to Countrywide or its successors and assigns, including Bank of America"; that "after Plaintiff's subsequent failure to cure the default, Bank of America engaged counsel to begin foreclosure proceedings against the Property"; and that "ReconTrust served as Trustee at the foreclosure sale and Deutsche Bank purchased the Property at the sale conducted on January 1, 2013." Def.'s Mot. 2. The court has reviewed Plaintiff's pleadings and the documents attached to Defendant's Motion to Dismiss but was

Order –Page 3

unable to find in Defendants' documents any reference to Countrywide or Bank of America that would support Defendants' contentions regarding the authority of these entities. Moreover, the court does not have before it a copy of the note referenced by Defendants. Accordingly, the court cannot determine from the face of the pleadings whether the foreclosing party in this case was the mortgage servicer or lender, or whether the mortgage was properly assigned. The court therefore concludes that dismissal on this ground of Plaintiff's wrongful foreclosure claim is premature.

### C.     Failure to Provide Plaintiff with Repayment Options

The court is not aware of any legal authority that requires a lender to provide a home owner, who has defaulted on their mortgage, with repayment options. Plaintiff's deed of trust contains no such requirement, and it is unlikely that Plaintiff's note contains any such requirement. Out of an abundance of caution, however, the court will not dismiss at this time Plaintiff's wrongful foreclosure claim with respect to this theory because, as previously noted, the court does not have before it the note.

### II.    Conclusion

For the reasons explained, the court concludes that all of the findings and conclusions of the magistrate judge are **correct, except** for those regarding Plaintiff's wrongful foreclosure claim. The law set forth in the Report with respect to Plaintiff's wrongful foreclosure is a correct statement of Texas law; however, the Report does not address the specific basis for Plaintiff's claim, which is not a wrongful foreclosure claim in the traditional sense. The court therefore **rejects** the magistrate judge's recommendation that Plaintiff's wrongful foreclosure claim should be dismissed. The findings and conclusions of the magistrate judge are otherwise **accepted** in all respects. Accordingly, the court **grants in part and denies in part** Defendants' Motion to Dismiss (Doc. 7).

Specifically, the court **grants** Defendants' Motion to Dismiss with respect to Plaintiff's truth in lending, fair credit reporting, breach of fiduciary duty, civil conspiracy, and quiet title claims, and **dismisses with prejudice** these claims. The court **denies** Defendants' Motion to Dismiss with respect to its statute of limitations defense and Plaintiff's claims based on usury, unjust enrichment, and wrongful foreclosure.

**It is so ordered** this 11th day of March, 2014.

*Sam A. Lindsay*
Sam A. Lindsay
United States District Judge