UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| BILLY GREER,                   § | |
|     Plaintiff,              § | |
| § | |
| v.                             § | Civil Action No. 3:13-CV-2915-L (BF) |
| § | |
| BANK OF AMERICA, N.A., et al., § | |
|     Defendants.            § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to Title 28, United States Code, Section 636(b), and a Standing Order of Reference from the District Court [D.E. 6], this case has been referred to the United States Magistrate Judge for pretrial management. For the following reasons, the undersigned recommends that the Court dismiss this action without prejudice for Plaintiff's failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b) ("Rule 41(b)").

**BACKGROUND**

This *pro se* action arises out of a mortgage loan Plaintiff obtained from First Franklin, a Division of National City Bank of Indiana ("First Franklin") on March 29, 2006 in the amount of $740,000 for a residence located at 1220 Regents Park Court, Desoto, Texas 75115. *See* Deed of Trust [D.E. 7-1 at 8-10]. In connection with this loan, Plaintiff signed a promissory note and a deed of trust pledging the residence as security for payment on the note. *See* Original Pet. [D.E. 1-1 at 8]; Deed of Trust [D.E. 7-1 at 20]. On July 17, 2007, the Deed of Trust was assigned to Deutsche Bank, as trustee for First Franklin whereby Deutsche Bank acquired "the full benefit of all the powers and of all the covenants and provisions therein contained . . . ." *See* Assignment of Deed of Trust; Defs.' App. [D.E. 18-1 at 45]. Pursuant to the Substitute Trustee's Deed, Bank of America was the

Mortgage Servicer on Plaintiff's loan. *See* Defs.' App. [D.E. 18-1 at 47]. Bank of America began servicing Plaintiff's loan on October 1, 2010. *See* Davidson Decl.; Defs.' App. [D.E. 18-1 at 20]. During the time Bank of America serviced Plaintiff's loan, Plaintiff never made any loan payments. *See id.* [D.E. 18-1 at 20]. As a result, Bank of America instructed ReconTrust Company to initiate foreclosure proceedings against Plaintiff's property. *See id.* [D.E. 18-1 at 20]. On November 23, 2012, ReconTrust sent Plaintiff the Notice of Substitute Trustee's Sale notifying him that the sale of his property was scheduled for January 1, 2013. *See id.* [D.E. 18-1 at 20]. Deutsche Bank subsequently purchased Plaintiff's property on January 1, 2013. *See id.* [D.E. 18-1 at 20].

On June 26, 2013, Plaintiff filed his Original Petition in the 160th Judicial District Court in Dallas County, Texas alleging the following claims: (1) fraudulent misrepresentation/fraud; (2) violations of the Truth in Lending Act ("TILA"); (3) violations of the Fair Credit Reporting Act ("FCRA"); (4) breach of fiduciary duty; (5) unjust enrichment; (6) civil conspiracy; (7) usury; (8) wrongful foreclosure; and (9) quiet title. *See* Original Pet. [D.E. 1-1 at 7-16]. On July 26, 2013, Defendants removed this action to this Court. *See* Notice of Removal [D.E. 1]. On August 2, 2013, Defendants filed a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) [D.E. 7]. Plaintiff never filed a response to Defendants' motion to dismiss. On February 20, 2014, the undersigned recommended that Defendants' motion to dismiss be granted in part and denied in part. *See* Findings, Conclusions & Recommendation [D.E. 14]. Plaintiff did not file objections to the undersigned's recommendation. On March 11, 2014, the Court dismissed with prejudice Plaintiff's TILA, FCRA, breach of fiduciary duty, civil conspiracy, and quiet title claims. *See* Order [D.E. 15 at 5]. Therefore, the remaining claims now before the Court are: Plaintiff's claims for (1) fraudulent misrepresentation/fraud, (2) usury, (3) unjust enrichment, and (4) wrongful foreclosure. *See id.* [D.E

15 at 4-5]. On June 16, 2014, Defendants filed their summary judgment motion arguing that the Court should grant summary judgment on Plaintiffs' claims for (1) usury, (2) unjust enrichment and (3) wrongful foreclosure.[1] *See* Summ. J. Mot. Br. [D.E. 18 at 6-8]. Plaintiff never filed a response to Defendants' summary judgment motion.

## DISCUSSION

In reviewing the docket in this case, all of the correspondence from the Court to Plaintiff appears to have been returned, with the exception of the undersigned's February 20, 2014 Findings, Conclusions and Recommendations. *See* Notices [D.E. 8, 9, 10, 13, 16]. Further, according to the affidavit of defense counsel submitted in connection with Defendants' summary judgment motion, discovery requests sent to Plaintiff on April 9, 2014 have also been returned. *See* Holmes Aff. [D.E. 18-1 at 4]. It is unclear from defense counsel's affidavit whether he sent discovery requests to Plaintiff's former home located at 1220 Regents Park Court, Desoto, Texas 75115 because Defendants believed that Plaintiff continues to reside there even though Deutsche Bank purchased the property on January 1, 2013, or whether Defendants intended for the requests to be forwarded to an address provided to the United States Post Office by Plaintiff. In any event, it appears that Plaintiff failed to provide an updated address to this Court and Defendants or Plaintiff has been refusing mail correspondence in connection with this case.

---

1. It appears that Defendants inadvertently left out their discussion of Plaintiff's pending fraudulent misrepresentation/fraud claim in their summary judgement motion. Defendants state that "the four surviving claims are: (1) usury; (2) unjust enrichment; and (3) wrongful foreclosure." *See* Summ. J. Mot. Br. [D.E. 18 at 2]. Defendants further state that the Court "denied Defendants' Motion to Dismiss with respect to its statute of limitations defense . . . ." *See id.* [D.E. 18 at 4]. Defendants raised the statute of limitations defense with respect to Plaintiff's claims for fraud/fraudulent misrepresentation and civil conspiracy. *See* Mot. to Dismiss [D.E. 7 at 2]. The Court explicitly dismissed with prejudice Plaintiff's civil conspiracy claim. *See* Order [D.E. 15 at 5].

"Federal Rule of Civil Procedure 41(b) allows a court to dismiss an action *sua sponte*, with or without notice to the parties . . . for failure to prosecute or for failure to comply with the federal rules or any court order. This authority flows from the court's inherent power to control its docket and prevent undue delays in the disposition of pending cases." *See Johnson v. Affirmative Ins. Co.*, No. 3:14-CV-2809-B (BN), 2015 WL 105419, at *2 (N.D. Tex. Jan. 7, 2015) (citing FED. R. CIV. P. 41(b); *Boudwin v. Graystone Ins. Co., Ltd.*, 756 F.2d 399, 401 (5th Cir. 1985); *Link v. Wabash R.R. Co.*, 370 U.S. 626 (1962)); *Rosin v. Thaler*, 450 F. App'x 383, 383-84 (5th Cir. Nov.17, 2011); *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988)) (internal quotations omitted). Given that neither the Court nor Defendants have a means to correspond with Plaintiff in this case, the undersigned recommends that the Court dismiss the action pursuant to Rule 41(b). *See McBride v. Ausbie*, No. 3:14-CV-M (BN), 2014 WL 7330971, at *2 (N.D. Tex. Dec. 23, 2014) ("Where more than seven months pass without any contact by Plaintiff and all mail sent to a plaintiff within the same time period-at the only address that Plaintiff provides to the Court-is returned as undeliverable, the Court has no option but to conclude that plaintiff has abandoned the prosecution of his lawsuit.") (citation omitted). Since the circumstances surrounding Plaintiff's failure to prosecute this case is unclear, the undersigned recommends that the Court dismiss this case without prejudice. *See Rasmus v. Director, TDCJ-CID*, No. l:08-CV-409, 2008 WL 4899971, at *2 (E.D. Tex. Nov. 10, 2008) ("By not providing the court with his correct address, petitioner has prevented the court from communicating with him and moving this case towards resolution. He has therefore failed to diligently prosecute this case. This case should therefore be dismissed without prejudice for want of prosecution."); *See also Ausbie*, 2014 WL 7330971, at *3 ("A Rule 41(b) dismissal of this lawsuit without prejudice is warranted under these circumstances, and the undersigned concludes that lesser

sanctions would be futile. . . . Accordingly, the Court should exercise its inherent power to prevent undue delays in the disposition of pending cases and dismiss this action without prejudice.") (citing *Rasmus*, 2008 WL 4899971, at *2).

## RECOMMENDATION

For the foregoing reasons, the undersigned respectfully recommends that the Court dismiss this action without prejudice pursuant to Rule 41(b).

**SO RECOMMENDED**, this 2nd day of February, 2015.

_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

The United States District Clerk shall serve a true copy of these findings, conclusions, and recommendation on the parties. Pursuant to Title 28, United States Code, Section 636(b)(1), any party who desires to object to these findings, conclusions, and recommendation must serve and file written objections within fourteen days after service of the findings, conclusions, and recommendation. A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory, or general objections. A party's failure to file such written objections to these proposed findings, conclusions, and recommendation shall bar that party from a *de novo* determination by the District Court. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985). Additionally, any failure to file written objections to the proposed findings, conclusions, and recommendation within fourteen days after service shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).